686

STEPHENS, J. 1. Where the heirs at law of an intestate enter into a written agreement with each other that all the property of the intestate be set apart as a year's support for the widow, although no consideration is expressed and the widow is not named as a party to the agreement, the promise of each of the heirs is a good consideration for the promise of the others. The promise inures to the benefit of the widow; and where she afterwards applies for a year's support, and the appointed appraisers set apart the entire property of the intestate, and in so doing expressly base their appraisement and return on the written agreement of the heirs at law, the widow thereby accepts the promise of the heirs as contained in the agreement. Code of 1933 § 20-304 (Code of 1910 § 4246); *Owenby* v. *Georgia Baptist Assembly*, 137 Ga. 698 (74 S. E. 56).

2. The agreement is binding on the heirs at law, and is conclusive against their right to object to the return of the appraisers. On the trial of an issue made by a caveat to the return of the appraisers by one of the heirs at law who subscribed to the agreement, where the return was attacked on the ground that it was excessive and that all the property of the intestate should not have been set apart as a year's support for the widow, the court did not err in admitting the agreement in evidence.

3. Since, by virtue of the agreement of the heirs that the entire estate be set apart as a year's support to the widow, the return of the appraisers is conclusive against the caveatrix as a matter of law, the admission of evidence that the property so set apart had been bought by money belonging to the applicant, and the exclusion of evidence that the applicant had lived on the estate for more than a year after the death of the intestate, were rulings that were immaterial and not harmful to the caveatrix.

4. The court properly directed a verdict for the applicant, and against the caveatrix. *Judgment affirmed. Jenkins, P. J., and Sutton, J., concur.*

DECIDED FEBRUARY 25, 1936.

*Smith & Millican,* for plaintiff in error.
*L. M. Wyatt, Willis Smith,* contra.